No. 689

MORRIS v. LISLE

Ohio Appeals. 5th District Ashland Co.

No. 149. Decided Octtober 28, 1925.

1027. RES ADJUDICATA—1. Res Adjudicata must be specifically pleaded.

2. If former trial was between different parties, record not admissible to show case at bar is res adjudicata.

HOUCK, J.

This cause arose in Ashland Common Pleas, Ellis Morris claiming that Jane Lisle owed him for work, labor and material. Lisle filed answer admitting that work labor and material had been furnished but pleaded payment and full settlement. Morris by reply denied that he had been paid.

Upon the issues raised by these pleadings the cause was submitted to a jury and a verdict returned for Lisle.

During presentation of evidence, Lisle introduced the record of trial and proceedings of a previous suit between Morris and her son for the purpose of showing this cause res adjudicata. The court admitted this record in evidence, over the objections of Morris. Exceptions were saved and error prosecuted. The Court of Appeals held:

1. Former adjudication, altho of the same court, must be specifically pleaded and cannot be shown under the subject of general denial.

2. For a matter to be res adjudicata four conditions must concur, namely:—

1st. Identity of subject matter.

2nd Identity of cause of action.

3rd. Identity of persons and parties.

4th. Identity in the quality of the persons for or against whom the claim is made.

3. In view of the fact that the former trial was not pleaded in the answer and as such former trial was between different parties, the admission of the record was prejudicial error and judgment is therefor reversed and cause remanded for new trial.

Attorneys—C. P. Winbigler and Clyde C. Sherick, for Morris, both of Ashland.